UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VICTOR M. SERBY,

                        Plaintiff,         **MEMORANDUM & ORDER**
          - against -                  04 Civ. 901 (DRH) (MLO)

THE TOWN OF HEMPSTEAD,
THE INCORPORATED VILLAGE OF HEWLETT NECK,
THE COUNTY OF NASSAU,
THE POLICE DEPARTMENT OF NASSAU COUNTY,
DENISE AYRE, DENISE WILLIX,
SERGEANT FRANK SABELLA,
P.O. JOHN LUTZ, ANIMAL CONTROL
OFFICER GARY SHAW, ANIMAL CONTROL
OFFICER KOMINSKI (a/k/a BART COMINSKY),
JACK OLSON, JOHN DOE, and
MARIO BOVE,

                        Defendants.
----------------------------------X

**APPEARANCES:**

For the Plaintiff:
**LAW OFFICES of JONATHAN SPENCER HORN**
125-10 Queens Blvd., Ste. 220
Kew Gardens, NY 11415
  By: Jonathan S. Horn, Esq.

For Defendant Denise Ayre:
*No Appearance*

**HURLEY, Senior District Judge:**

     Plaintiff Victor M. Serby ("Plaintiff" or "Serby") objects to Chief Magistrate Judge

Michael L. Orenstein's December 14, 2006 Report & Recommendation where Judge Orenstein

recommended that the default judgment against defendant Denise Ayre ("Ayre") be vacated and

Plaintiff's claims against Ayre dismissed.  For the reasons stated below, the objections are overruled and Plaintiff's claims against Ayre are dismissed.

**BACKGROUND**

For a full statement of facts, the reader is referred to this Court's September 30, 2006 Memorandum and Order granting summary judgment in favor of several defendants, familiarity with which is assumed.  (*See Serby v. The Town of Hempstead*, No. 04 Civ. 901, 2006 WL 2853869 (E.D.N.Y. Sept. 30, 2006) (doc. #78).)  The Court provides only those facts deemed pertinent to the present objections.

On September 24, 2004, the Court entered a default judgment against Ayre and referred the matter to Magistrate Judge Orenstein for an inquest on damages and attorneys' fees.  Soon thereafter, Magistrate Judge Orenstein entered an order that the Court would schedule an assessment of damages hearing "in the future."  (*See* Sept. 28, 2004 Order (doc. #19).)  The Magistrate Judge's September 28th Order further stated, "[s]aid hearing will be conducted after the trial, if any, is held with respect to liability and damages and apportionment, if appropriate, between defendants."  (*Id.*)[1]

No trial was held.  Instead, defendants County of Nassau, the Police Department of Nassau County, Frank Sabella, and John Lutz moved to dismiss the Complaint.  That request was granted.  (*See Serby v. The Town of Hempstead*, No. 04-cv-901, 2006 WL 2795234

---

[1] *See generally* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 1998) ("As a general rule [], when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").

(E.D.N.Y. Sept. 30, 2006) (doc. #76).) In addition, the Town Defendants and the Incorporated Village of Hewlett Neck moved for summary judgment, which application was also granted. (*See Serby v. The Town of Hempstead et al.*, No. 04-cv-901, 2006 WL 2853869 (E.D.N.Y. Sept. 30, 2006) (doc. #78).) In granting summary judgment, the Court instructed that the Magistrate Judge could proceed with an "assessment of damages" hearing against Ayre. (*See id.*)

The hearing was held on December 14, 2006. While Plaintiff appeared at the hearing, Ayre did not. Ruling from the bench and based on this Court's dismissal of the Plaintiff's Complaint as against all other defendants, Magistrate Judge Orenstein recommended that the default judgment against Ayre be vacated and Plaintiff's claims dismissed, noting that "'[s]everal courts have held that where a defending party establishe[s] th[at] Plaintiff has no cause of action, this defense generally [i]nures also to the benefit of a defaulting [d]efendant.'" (Dec. 14, 2006 Tr. at 13 (quoting *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).)[2] The Magistrate Judge made the alternative report and recommendation that Plaintiff had not proven actual injury or a violation of a substantive constitutional right. Plaintiff filed a timely objection to the Report and Recommendation;[3] Ayre has not responded.

---

[2] *See also Davis v. Nat'l Mortgage Corp.*, 349 F.2d 175, 178 (2d Cir. 1965) ("As the liability of the defendants would have been joint had any been found, the dismissal of the complaint for lack of proof disposed of the case against all defendants, including the defaulting defendant."); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2690 (3d ed. 1998) ("[A] plaintiff who prevails on liability against the nondefaulting defendants is entitled to a judgment against both the defaulting and nondefaulting parties. On the other hand, if the action is dismissed, it should be dismissed as to the defaulting party as well as the remaining defendants.").

[3] Serby made a timely request for an extension of time within which to file objections as he was waiting for a transcript of the hearing to be prepared. Said extension was granted.

## SERBY'S OBJECTIONS

In objecting to Magistrate Judge Orenstein's Report and Recommendation, Plaintiff advances two arguments: (1) Magistrate Judge Orenstein predetermined his ruling in that he "had prepared an approximately six page statement recommending the dismissal of the action against defendant Ayre" that was "crafted prior to the hearing" (Pl.'s Objections at 2); and (2) the Complaint alleges a prima facie case of malicious prosecution as against Ayre. Both arguments are without merit.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court engages in a de novo review of any part of a magistrate judge's report and recommendation to which a party specifically objects. However, "[w]hen the parties make only frivolous, conclusive, or general objections, the court reviews the report-recommendation for clear error." *Brown v. Peters*, No. A. 95-cv-1641 (RSP) (DS), 1997 WL 599355 (N.D.N.Y. Sept. 22, 1997) (collecting cases). Under either standard, Plaintiff's objections fail.

## THE INSTANT CASE

1.  Serby's Predetermination Argument

The Court finds Plaintiff's objection regarding the Magistrate Judge's preparation to be frivolous. It is evident from the transcript that although the Magistrate Judge had prepared for the hearing and, in that regard, had already done research on the issue before him, he also spent ample time reviewing and evaluating all documents and arguments presented by Plaintiff. The Court is hard-pressed to give credence to an argument that a judge is too prepared; it declines to do so now.

2. Serby's Malicious Prosecution Argument

Plaintiff's malicious prosecution argument is little more than a rehashing of arguments he made on defendants' motion for summary judgment. In its September 30, 2006 Memorandum and Order, the Court found that Plaintiff's malicious prosecution claim failed as a matter of law because Plaintiff could not establish that the defendants initiated a *criminal* proceeding against him, one of the elements of such a claim. Instead, Plaintiff alleged that defendants initiated a *civil* proceeding against him. Serby did not appeal this Court's Memorandum and Order, nor did he file a motion for reconsideration. Therefore, the Court declines to hear Serby's objection which is based upon grounds already ruled on by this Court. In any event, his arguments have no merit.

## CONCLUSION

This Court adopts the December 14, 2006 Report & Recommendation of Magistrate Judge Orenstein in its entirety. Therefore, the Court directs the default judgment against Defendant Denise Ayre be VACATED and Plaintiff Serby's Complaint as to Defendant Denise Ayre DISMISSED *in toto*.

Upon entry of judgment, the Clerk of Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York  /s/
December 7, 2007  Denis R. Hurley,
  Senior United States District Judge